ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email:  ngord2000@yahoo.com

Attorney for Plaintiff-Appellant George K. Young

# UNITED STATE COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG JR.,<br><br>      Plaintiff,<br>vs.<br><br>STATE OF HAWAII ET. AL.;<br><br>      Defendants. | No. 12-17808<br><br>CASE No. 12-00336 HG BMK<br>Memorandum of Law in Support of Plaintiff Young's Response to Defendants' Motion to Strike |

### Introduction

  The matter before this Court, is one of equity. Defendants have waived their right to file a motion to strike[1]. Their claim of inequity fails from the start. Mr.

---

[1] Counsel would like to thank his cousin Ms. Polly Beck and Mr. Leslie Gawkins for editing this brief.

Young's does not. Defendant's opportunity to promptly respond was on February 28th, 2013, and their only response is this motion filed on April 2nd, 2013. After filing his Opening Brief, Mr. Young realized that he had poorly defined the relief requested, failed to include pertinent statutory and case law, and accordingly supplemented the record with a series of 28(j) letters. He filed a series of 28(j) notices to inform this Court and Defendants of these authorities.

The 28(j) notices were intended to put the Defendants on notice of a set of proffered facts which Mr. Young intends to prove upon remand. Neither harm nor prejudice occurred in filing the 28(j) notices since they were submitted before the Opening Brief was due or within days of the original March 25th filing date. Defendants' brief has been extended by agreement to May 24th, 2013, which leaves them ample time to respond. Defendants waived any complaint by failing to respond to any of the 28(j) notices as Rule 28(j) permits, and now, belatedly, are asking the court to strike them inappropriately. While the matter before this Court is one of equity, Rule 52(a) of the F.R.C.P., and a whole host of other established legal doctrines demand this motion be denied. Pleadings must be interpreted so as to do substantial justice and justice demands that Defendant's motion to strike be denied.

## Equity Governs This Matter

"Substantial inequity" is grounds for allowing new arguments in a 28(j) notice. *U.S. v. Sterner*, 23 F.3d 250, 252 n. 3. Accordingly, the matter before this Court is one of equity not law. Due to the underlying facts surrounding Mr. Young's dismissal from the lower court and the inevitable remand to the district denying this motion promotes judicial economy. Mr. Young raises the following affirmative equitable defenses to this motion to strike.

## Defendants Have Acquiesced To This Group of Notices

Defendants plead that as a group these notices are improper. They specifically plead that as a group the notices should be struck and do not delineate them into orders of propriety based on merit or date of filing. As Rule 28(j) allows, Defendants had a right to promptly respond to this group when it was created on February 28th, 2013. They waited until April 2nd, 2013 to respond via this motion despite Rule 28(j) requiring a prompt response. "Inaction, in and of itself, is of no great importance; what is legally significant is silence in the face of circumstances that warrant a response." *Georgia v. South Carolina*, 497 U.S. 376, 389 (1990). The group of 28(j) notices the Defendants' wish to strike came into existence on February 28th, 2013. Mr. Young disclosed information he would have retained for further proceedings by populating that group with further notices. He did this based

on reasonable reliance that Defendants did not take issue with what they believed to be a new argument. Mr. Young did so without any malice. In the one instance a truly new argument was made (the March 21st, 2013 28(j) notice) he explicitly stated it was a new argument and stated the reasons the notice was proper. Even a one line response stating their intention to file a motion to strike would have preserved it. Rule 28(j) requires a prompt response and Defendants argue this group collectively is improper. This group began on February 28th, 2013 and all subsequent notices merely populated the group. April 2nd, 2013, was the first time Defendants indicated this group was improper. Accordingly, even if this Court finds these Notices to be improper, Defendants acquiesced to them by failing to respond to this group of 28(j) notices promptly.

However, the arguments are not new but for one. The first 28(j) notice within this group is unquestionable proper. Other than in one instance in which Mr. Young explicitly stated the notice contained a new argument, all other 28(j) notices within this group simply clarify relief poorly defined in the Opening Brief. Defendants make no attempt to delineate the one instance where a truly new argument was made from the other 28(j) notices at issue. Instead, they plead in one sentence the entire group must be struck. "Defendants-Appellee move this court for an order striking…Notices…filed February 28, 2013, March 3, 2013, March 11, 2013, March 16, 2013, March 21, 2013, March 27, 2013 and March 31, 2013."

*See* Defendant's Motion to Strike. As Defendants plead the 28(j) notices as a group they acquiesced to them and are equitably estopped from gaining relief via their motion.

## The Ninth Circuit Allows For New Arguments In A Reply Brief When It Promotes Justice

When needed to serve the interests of justice, this Court allows reply briefs at the district court level to have new arguments. By analogy reply briefs at the appellate level should be allowed to have new arguments. "Because Defendants raise new arguments in their reply that should have been raised in their opening brief, the Court will permit additional briefing. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Miller v. Glenn Miller Productions, Inc,* 454 F.3d 975, 978 n. 1 (9th Cir. 2006)." Even if these notices are construed as new arguments, they were filed well before the original due date of the opening brief and should be deemed proper.

Every case cited favorably by the Defendants is distinguishable from the matter at hand because they deal with 28(j) notices filed *after* the opposing party has filed their principal brief. Here, the Defendants are not harmed by the filings at issue because they were done prior to the original filing deadline of the Answering Brief. The wisdom of the Sixth Circuit guides. *See* Seay v. Tennessee Valley Authority, 339 F.3d 454, 481 (6th Cir. 2003) (new arguments in a reply brief

vitiate a nonmovant's ability to respond); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived.") Here, the notices at issue were filed before the original filing deadline of March 25th, 2013 except for the March 27th and March 31st notices. Defendant received an extension prior filing this motion to May 24, 2013... They have ample opportunity to address the issues raised. Mr. Young will agree to another extension if they require one. Mr. Young reasonably relied upon these notices to disclose information he would not have had he known of Defendants' disapproval. As the Defendants have received an extension to file their Answering Brief from the original filing date of April 25th to May 24th, 2013 there can be no argument that they are harmed. The only 28(j) notice that is a new argument is dated March 23rd, 2013 and explicitly states it is a new argument and cited the reasons why it was proper. Despite this, Defendants did not respond to this notice. Instead, they waited until two more notices were filed until filing this motion.

## This Motion to Strike Is Done With Unclean Hands

Mr. Young raises the equitable defense of unclean hands. Under the doctrine of unclean hands, "a plaintiff [must] act fairly in the matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim." See *Kendall-Jackson v.*

*Superior Court*, 90 Cal. Rptr. 2d 743, 749 - Cal: Court of Appeal, 5th Appellate Dist. (1999). Defendants insinuate in the conclusion of the memorandum of law that they did not know what they would have to contend with in their Answering Brief ("nor should the issue be a moving target which is constantly changing"). It is disingenuous for them to claim this when they were put on notices hours before the filing of this motion of the status of this motion. This occurred during a phone conversation hours before the filing of this motion. Mr. Young informed Defendants that he would be in short order filing one more notice containing an affidavit. This was done in good faith and Defendants should not have insinuated they were unaware of the status of this notice in the conclusion of their memorandum. The brief should have been revised to include this fact as the matter before this court is one of equity and Defendants ignore Mr. Young's candor in their motion. Defendants also violated F.R.A.P. 27.1 by not asking Mr. Young his position as to this motion despite Mr. Young speaking with them hours prior to filing.

Defendants' improper delay allowed them to extract information over the course of five weeks due to Mr. Young relying on their conduct. The first notice was filed on February 28th, 2013. To file this motion to strike on April 2nd when none of the notices at issue were replied to is grossly improper. This appears to be a calculated ruse to take advantage of Mr. Young's desire to be forthcoming. All

but one 28(j) notices were filed to clarify the relief asked for and provide authority vital to allowing this Court to make a proper determination in this matter.

Defendants engage in an intentional mischaracterization of the rule governing a 28(j) letter and argue that the attached files must be included within the 350 word limit. That simply is an inaccurate statement of the rules. The 350 word limit only applies to the body of the document. All authorities are in one way or another argumentative or else they would not be cited. Mr. Young concedes that he did not cite page numbers. However, he specified what argument he was referring to in every notice except when Mr. Young explicitly stated he was raising a new argument.

## Most Notices Do Not Contain New Arguments

Defendants claim that the notice filed regarding electric guns filed on February 28th, 2013 is new argument when it directly supports the Opening Brief's Challenge to Hawaii's electric gun ban. *See* Opening Brief at 37. There are no grounds for this to be deemed new argument. While the authority cited was published prior to the filing of the Opening Brief, it still was a newly found authority. That is all that is required to adhere to the mandate of Rule 28(j). Rule 28(j). is not for the purposes of providing a Court with newly released information as Defendants disingenuously claim. It is to provide a Court with all authorities

needed to make a fair and impartial ruling in a matter. While Mr. Young concedes he ineptly left out pertinent statutes and other relevant authorities, Defendants argument fails any basic policy analysis.

The policy behind a prompt filing is to give opposing counsel ample opportunity to respond. As the authority was filed two months ahead of the original due date for the Answering Brief, it is an incredulous argument to claim Defendants are not afforded adequate time to respond – especially given Defendant's current extension. Other than the February 28th, 2013 28(j) notice and the March 21rd, 2013 28(j) notice, all the 28(j) notices deal with the argument HRS 134 must be revised to allow for the use of rifles and shotguns outside the home. *See* Opening Brief at 41.

Accordingly, all statutes restricting the use of rifles and shotguns are relevant and required to allow this Court to make an accurate ruling in this matter. Most of the attachments to the notices are simply provisions of H.R.S. 134 which were erroneously left out of the Opening Brief. These notices were done to clarify the relief sought in the Opening Brief. Mr. Young submitted these statutes when he determined they were relevant. As allowed by Rule 28(j) he used the 350 body of the notices to clarify the relief sought in light of these provisions. *See* F.R.A.P. Rule 28(j).

## Laches Bars This Motion

In this matter, Laches can properly be raised. "Courts of equity apply the doctrine of laches (hereafter "laches") and not statutes of limitation. "Laches is principally a question of the inequity of permitting a claim to be enforced by equitable remedies in the face of a change in the conditions or relations of the parties occasioned by a delay that works a disadvantage to him against whom equitable relief is sought. *Baskin v. Griffith*, 127 So.2d 467, 471 (Fla. Dist. App. 1961)." Mr. Young relied on Defendants conduct to disclose information he otherwise would not have. If Defendants relief is granted, on remand his position will be much weaker as Defendants can now prepare for this information in advance.

Mr. Young has constructed an analytical model based on acceptance of the notices due to his reliance on defendants' conduct. After filing the Opening Brief, Mr. Young realized the Opening Brief's argument which claims HRS 134 must be revised to allow for the bearing of shotguns and rifles for self-defense needed to account for ammunition and magazine. Mr. Young filed the March 3rd, 2013 28(j) notice and relied on Defendants not responding to begin construction of a model which proves ammunition and magazines are protected by the Second Amendment. The model is included as part of the proposed supplemental brief. Mr. Young constructed an object oriented analytical model to prove the relationship between

protected arms and items that provide a method to utilize them. After completing and testing the model he realized it would be prudent to display the model in. As the underlying math involved in the model might be difficult for a typical graphic designer to follow, he contacted Doctor of Physics Greg Andreev (website located at the following url; http://www.gregoryandreev.com/). Dr. Andreev agreed to construct a series of flowcharts to display this model which is to be displayed in the reply brief. The flowcharts are not completed as Dr. Andreev felt it prudent to read the Opening Brief and various other authorities prior to constructing them as he was given an April 25th deadline for completion.

As a prompt response to the March 21st notice was not filed, Mr. Young had two experts in the field of firearms begin drafting an affidavit/declaration. The experts are Gunnery Sergeant Ryan Barbour who is a Master Armorer currently attached to 4th Tank Battalion Alpha Company[2] and Luke Barker who is a veteran of Naval Special Warfare with 16 years of experience. Their affidavit/declaration is attached and includes a full description of their credentials. Hawaii's definition of an assault pistol is unique in nature. Authority directly addressing what Hawaii calls an "assault pistol" does not exist and experts are required

---

[2] Counsel would like to thank Gunnery Sergeant Ryan Barbour and all other members of Alpha Company (past and present) who assisted in this matter. *Semper Fidelis*.

Even if the notices at issue are deemed to contain new arguments the equitable defense of laches bars this motion. Rule 28(j) requires a prompt response. None has ever been given. Mr. Young has gone to great lengths to research these issues and construct the model enclosed in the proposed supplemental brief and has disclosed information which Defendants can now prepare for in advance. He had two experts in the field of firearms review H.R.S. 134-1's definition of assault pistols and provide analysis. He has had a physicist begin constructing flowcharts to display the analytical model he constructed in a manner which would be easy to follow. He reasonably relied on Defendants' conduct to do this. Equity aids the vigilant, not those who slumber on their rights. Rule 28(j) requires a prompt response or none at all. Defendants should have filed a prompt response stating their intent to file a motion to strike. Mr. Young would not have invested considerable time and resources into this matter had they as much as filed a one sentence response in which they stated their intent to file a motion to strike. The defense of laches applies. Defendants should be barred from relief.

## F.R.C.P. Rule 52(a) Precludes Defendants' Requested Relief

While this matter is one of equity, Rule 52(a) of the Federal Rules of Civil Procedure also demands Defendant's motion be denied. "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id.* Here, Mr. Young's allegedly defective notices did not impact Defendant's

substantial rights. According to the original briefing schedule, Mr. Young's Opening Brief was due on March 25th. Defendants' brief was due on April 25th, 2013. The early filing did not impact Defendants' due date. All but two notices were filed before March 25th. These notices do not affect the only right at issue which is timely notice of what to rebut in Defendants' Answering Brief. This Court granted Defendants a May 24th, 2013. The 28(j) notices filed after March 25th, should also be considered harmless error. As Mr. Young's matter is one entailing constitutional rights, this Court should apply a lessor standard in determining whether these notices were harmless error. As the 10th Circuit has held when "the error …[is] constitutional in nature, [it] entails a less rigorous application of the plain error review burden. *See United States v. Jefferson,* 925 F.2d 1242, 1254 (10th Cir.1991). By analogy, even if this Court would typically find these notices prejudicial error, as this matter is one that affects Mr. Young's constitutional rights, a less rigorous standard should be applied. Even if this Court finds these 28(j) notices improper, as this matter involves constitutional rights and Defendants have not been harmed by them, Rule 52(a) controls. These notices are harmless error and did not affect any of Defendants' substantial rights.

### **Defendants Invited The Error**

The current matter is analogous to the doctrine of invited error. Invited error refers to a trial court's error against which a party cannot complain to an appellate

court because the party encouraged or prompted the error by its own conduct during the trial. This doctrine has been applied even in cases where the error resulted from neither negligence nor bad faith. *See*, e.g., *State v. Studd*, 137 533, 547 (Wn.2d 1999). This matter is analogous, Defendant failed to promptly respond to the February 28th, 2013 28(j) notice, Defendants invited Mr. Young's error by allowing him to submit 28(j) notices without response. Defendants invited Mr. Young's continued error by not responding. This would have given Mr. Young notice that the subsequent notices were improper. This Court should use an analog of this doctrine to deny this motion.

## Defendants Have Forfeited Their Right To Bring This Motion

Defendants forfeited their right to bring this motion due to their failure to promptly respond to the February 28th 28(j) notice. "Forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal citations omitted). Rule 28(j) requires a prompt response. Defendants' first response to the 28(j) notices was this motion filed on April 2nd, 2013. That is a clear forfeiture of their right to bring this motion to strike against this group of notices. As forfeiture has occurred their motion would only be saved if a substantial right is at issue.

## Defendants Have Not Had A Substantial Right Impacted

While Mr. Young concedes a government entity could potentially have substantial rights, he does not see how notices filed prior to the original filing date affect them. Whether Defendants have had a substantial right affected is ultimately a determination for this Court. "What may be technical for one is substantial for another; what [is] minor and unimportant in one setting [is] crucial in another." *Kotteakos v. United States*, 328 US 750 (1946). The only possible right at play is a slight delay to their preparation of their Answering Brief. This has been rectified by this Court when it granted Defendants an extension to May 24th, 2013. Defendants are two large government entities. They both have support staff, large budgets and highly experienced counsel. They bring this motion against a formerly pro se plaintiff represented by an inexperienced attorney pro bono who has none of the aforementioned. Equity demands a determination that no substantial right is impacted. However, even if a substantial right is at issue Defendants waived their right to file this motion.

## Defendants Have Waived Their Right To This Motion

This Court should presume Defendants intentionally waived their right file a motion to strike. Even if a substantial right is at issue, Defendants waived their rights to bring this motion. In a civil matter a rebuttable presumption can be

created if a rational relation exists between an act and the presumption. *See Mobile, Jackson & Kan. City R.R. v. Turnipseed*, 219 U.S. 35, 43 (1910). A rational relation exists between the Defendants not promptly responding to the March 21st, 2013 29(j) notice which states it contains a new argument and Defendants waiving their right to bring this motion. This Court should presume Defendants waived their right to file this motion and allow Defendants to rebut presumption if it is not true.

## This Court Has Discretion To Rule On Any Part Of H.R.S. Chapter 134

Mr. Young's case is the first time in the nation that the entire weapons chapter of a State is before a Federal Appeals Court. Mr. Young asked for an injunction on all of H.R.S. 134 and was dismissed on a 12(b)(6). *See* ER 5. Accordingly, he is presumed to have standing as to all of H.R.S. 134. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). This presents this Court with a unique opportunity rule on a wide variety of issues that no Appeals Court has had. It is not even bound by the arguments made by Mr. Young. "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *See Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 99 (1991). While Mr. Young does not presume to speak for the panel ultimately assigned to this appeal, it would be equitable to not strike the 28(j)

notices at issue because they contain pertinent authorities it may require when it reviews this matter. There are a host of issues this Court could potentially rule on at its discretion. Granting this motion would force the staff attorneys assigned to the judges assigned to the panel to conduct unneeded research. Accordingly, it serves equity to deny this motion to preserve the resources of this Court.

## Mr. Young Asks For Affirmative Relief

Rule 27 (B) of the F.R.C.P. states affirmative relief may be included in a response. Mr. Young requests he be allowed to file a supplemental brief to present the issues raised in a suitable manner. The pleading would consist of the issues raised in the 28(j) notices, the aforementioned analytical model, and the affidavit/declaration of Luke Barker and Gunnery Sergeant Ryan Barbour. Granting this request will aid this Court by streamlining the issues. The Opening Brief and the proposed supplemental brief (attached) do not exceed the 14,000 word limit allowed in an Opening Brief. Accordingly, this would not prejudice the Defendants. *See* F.R.A.P Rule 28.1(e)(2).

## The Record Must Be Preserved

Even if this Court finds in favor of the Defendants it should not strike the notices at issue from the record. It should merely ask that the panel ignores these notices. This would allow the panel this Court ultimately assigns to this matter and

the lower on remand to have an accurate record to make a ruling from. In *EP Acquisition Corp. v. Maxxtrade, Inc.,* 2011 U.S. Dist. LEXIS 103715 (E.D. Ky. Sept. 14, 2011) the court ruled "to ensure a complete record in the event of appellate review, the Court will not strike portions of the reply brief and the new documents, but it will not consider them in deciding whether to vacate the Award". This was done to uphold basic principles of comity and judicial economy. By analogy, the same should apply to the instant matter. This matter has not been assigned a panel and will inevitably be remanded to the district court. In the interest of justice, even if this Court rules in favor of the Defendants the record should be preserved for further review.

## Conclusion

This motion is nearly as improper as Mr. Young's dismissal from the lower court. If Defendants opt to reply, Mr. Young asks them to explain why this motion was brought at all. Their rationale for filing this motion is they should not be forced to deal with a moving target. While Mr. Young contends that the target at issue was traveling in a predictable manner that allowed for an easily calculable lead. that is neither here nor there. Movement would have stopped on February 28th, 2013 had Defendants filed a prompt response. Defendants waited until April 2, 2013 to gather intelligence. All metaphors aside, Mr. Young spoke to Defendants hours before they filed their motion to strike. Despite speaking with

Mr. Young hours before filing this motion, Defendants failed to even abide by the F.R.A.P. which requires discussing a motion with opposing Counsel prior to filing. Deny this motion and grant Mr. Young's affirmative relief.

# CERTIFICATE OF SERVICE

On this, the 10th day of April, 2013, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct. Executed this the 10th day of April, 2013

                                                s/ Alan Beck
                                                Alan Beck (HI Bar No. 9145)