ALAN BECK (HI Bar No. 9145)
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS 39130
Telephone: (601) 852-3440
Email: stephen@sdslaw.us

# UNITED STATE COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG JR, <br><br> Plaintiff, <br> vs. <br> STATE OF HAWAII ET. Al. <br><br> Defendants. | No. 12-17808 <br><br> CASE No. 1200336 HG BMK <br><br> NOTICE OF SUPPLEMENTAL AUTHORITY |

Notice of Supplemental Authority

Comes now the Plaintiff-Appellant George K. Young, writes this Court to inform it of the Wisconsin Court of Appeals decision in *State v. Herrmann* 2015AP53-CR (attached). There, the court found that Wisconsin's ban on the

ownership of switchblades is unconstitutional. In doing so, the court concluded that the Second Amendment protects knives as well as guns. The court also concluded that, whether one applies intermediate scrutiny or strict scrutiny to the switchblade ban, the ban fails such scrutiny.

> The State argues [the ban] serves an important governmental objective — namely, protecting the public from the danger of potentially lethal surprise attacks posed by individuals using switchblade knives. However, the State cites no evidence to establish that this danger actually exists to any significant degree. Again, the State has the burden to establish that § 941.24(1) satisfies intermediate scrutiny, and it must do so by showing the existence of real, not merely conjectural, harm. Thus, on the record before us, we are not convinced that [the ban] serves an important governmental objective.
>
> Moreover, as applied to Herrmann, [the ban] is not substantially related to the State's cited objective of protecting the public from surprise attacks. It is undisputed that Herrmann possessed his switchblade in his own home for his protection. The threat to the public of a surprise attack by a person possessing a switchblade in his or her own residence for the purpose of self-defense is negligible. Consequently, while banning possession of switch-blades in other settings might be substantially related to the State's cited objective of protecting the public from surprise attacks, prohibiting individuals from possessing switchblades in their own homes for their own protection is not.

This opinion directly supports Mr. Young's challenge to Hawaii's ban on the ownership of switchblades and balisong knives located on pages 38-41 of his Opening brief. For the forgoing reasons and that in the briefing, Mr. Young once again respectfully request that this Court find these provisions of the H.R.S. unconstitutional.

Respectfully submitted this 27th day of November, 2015.

                                                <u>s/ Alan Beck</u>
                                      Alan Beck (HI Bar No. 9145)

                                    <u>/s/ Stephen D. Stamboulieh</u>
                                  STEPHEN D. STAMBOULIEH

## CERTIFICATE OF SERVICE

On this, the 27th day of November, 2015, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 27th day of November, 2015.

s/ Stephen D. Stamboulieh