ALAN BECK (HI Bar No. 9145)
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS 39130
Telephone: (601) 852-3440
Email: stephen@sdslaw.us

# UNITED STATE COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG JR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF HAWAII ET. Al. ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 12-17808 <br><br> CASE No. 1200336 HG BMK <br><br> NOTICE OF SUPPLEMENTAL AUTHORITY |

<u>Notice of Supplemental Authority</u>

Comes now the Plaintiff-Appellant George K. Young, writes this Court to inform it of how this Court's recent opinion in *Nozzi v. Hous. Auth. of City of Los Angeles,* 13-56223, 2015 WL 7717308 (9th Cir. Nov. 30, 2015) (attached) supports Mr. Young's claim that Chief Kubojiri 's application of H.R.S. § 134-9 violates the

Due Process Clause of the 14th Amendment (located on pages 20-23 of the Opening Brief). There, the Court found the Housing Authority failure to provide meaningful information to Section 8 beneficiaries about a change to the program' subsidy payment standard and the effect of that change upon the beneficiaries violated Due Process. This is because the Housing authority failed to inform the Plaintiffs in a manner which was "reasonably certain" to provide constitutionally adequate notice of the meaning and effect of the change on the plaintiffs' benefits. *Id* at 30.

Similarly, Chief Kubojiri has not given "fair notice" of what is required to satisfy his application of the "exceptional case" standard or what is required to "appear suitable" to obtain a handgun carry permit. Thus, Mr. Young cannot be "reasonably certain" of what he needs to provide to satisfy Chief Kubojiri's unbridles discretion. In reality, Chief Kubojiri has no need to promulgate guidelines because he never issues. This is the case throughout Hawaii. *See* attached July 2012 GAO Study, page 75, showing that Hawaii has zero civilian permits issued.

This is highly distinguishable from *Peruta v. County of San Diego, 742 F.3d 1144 (9th Cir. 2014)*. Unlike Hilo County, the record in *Peruta* clearly demonstrates San Diego County has Due Process compliant standards and does issue handgun carry permits. Even if this Courts' *en banc* panel overturns the original *Peruta* decision, Mr. Young maintains that his claim against Chief Kubojiri's application of

H.R.S. § 134-9 will still be viable assuming this Court finds the Second Amendment right extends outside the home *at all*.

For the forgoing reasons and that in the briefing, Mr. Young once again respectfully request that this Court find Chief Kubojiri's application of H.R.S. § 134-9 violates the Due Process Clause.

Respectfully submitted this 6th day of December, 2015

/s/ Alan Beck
Alan Beck (HI Bar No. 9145)

/s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

## CERTIFICATE OF SERVICE

On this, the 6th day of December, 2015, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 6th day of December, 2015

s/ Stephen D. Stamboulieh