ALAN BECK (HI Bar No. 9145)
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS 39130
Telephone: (601) 852-3440
Email: stephen@sdslaw.us

# UNITED STATE COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG JR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF HAWAII ET. Al. ) <br> ) <br> Defendants. ) <br> ) | No. 12-17808 <br><br> CASE No. 1200336 HG BMK <br><br> NOTICE OF SUPPLEMENTAL AUTHORITY |

<u>Notice of Supplemental Authority</u>

Comes now the Plaintiff-Appellant George K. Young, writes this Court to inform it of the Unites States Supreme Court's decision in *Jaime Caetano v. Massachusetts* 577 U. S. \_\_\_\_ (2016) (attached). The Supreme Court has now summarily reversed the Supreme Court of Massachusetts's holding that electric guns are outside the Second Amendment. The court did not reach the ultimate question of

whether electric guns constitute "arms" for Second Amendment purposes, however, instead vacating and remanding the state court opinion.

The Supreme Court found the lower court had erred in three material ways and ordered the lower Court rehear Ms. Caetano's case based upon the instructions provided to it. Justice Alito joined by Justice Thomas concurred and applied the Court's reasoning to argue the Court should have explicitly held electric guns are protected arms:

> …the Commonwealth chose to deploy its prosecutorial resources to prosecute and convict her of a criminal offense for arming herself with a nonlethal weapon that may well have saved her life. The Supreme Judicial Court then affirmed her conviction on the flimsiest of grounds. This Court's grudging per curiam now sends the case back to that same court. And the consequences for Caetano may prove more tragic still, as her conviction likely bars her from ever bearing arms for self defense. . . . If the fundamental right of self-defense does not protect Caetano, then the safety of all Americans is left to the mercy of state authorities who may be more concerned about disarming the people than about keeping them safe.

Similarly, this Court should explicitly rule on this issue. To do otherwise would once again subject Mr. Young to a lower court that dismissed him on extremely improper grounds. The Supreme Court has spoken on the topic of electric guns. This Court should find that there is no reason for additional lower court proceedings, at least on this topic, and find that Hawaii's law banning the ownership of electric guns, challenged on pages 35-41 of Mr. Young's Opening Brief, be immediately enjoined without need for additional lower court proceedings.

Respectfully submitted this 22nd day of March, 2016

        <u>s/ Alan Beck</u>
        Alan Beck (HI Bar No. 9145)

        <u>s/ Stephen D. Stamboulieh</u>
        Stephen D. Stamboulieh

## CERTIFICATE OF SERVICE

On this, the 22nd day of March, 2016, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 22nd day of March, 2016

s/ Stephen D. Stamboulieh