UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| GEORGE K. YOUNG, JR., | No. 12-17808 |
|---|---|
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00336-HG-BMK |
| vs. | |
| STATE OF HAWAIʻI; NEIL ABERCROMBIE, in his capacity as Governor of the State of Hawaiʻi; DAVID M. LOUIE, in his capacity as State Attorney General; COUNTY OF HAWAIʻI, as a sub-agency of the State of Hawaiʻi; WILLIAM P. KENOI, in his capacity as Mayor of the County of Hawaiʻi; HILO COUNTY POLICE DEPARTMENT, as a sub-agency of the County of Hawaiʻi; HARRY S. KUBOJIRI, in his capacity as Chief of Police; JOHN DOES 1-25; JANE DOES 1-25; DOE CORPORATIONS 1-5; DOE ENTITIES 1-5, | APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF HAWAIʻI<br><br>HONORABLE HELEN GILLMOR |
| Defendants-Appellees. | |

**DEFENDANTS-APPELLEES COUNTY OF HAWAIʻI, WILLIAM P. KENOI, HILO COUNTY POLICE DEPARTMENT, AND HARRY S. KUBOJIRI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR JUDICIAL NOTICE [80], FILED MARCH 30, 2016**

**CERTIFICATE OF SERVICE**

MOLLY A. STEBBINS 8639
Corporation Counsel

MELODY PARKER 4406
CHRISTOPHER P. SCHLUETER 8537
Deputies Corporation Counsel
County of Hawaiʻi
101 Aupuni Street, Suite 325
Hilo, Hawaiʻi 96720
Telephone: (808) 961-8251
Facsimile: (808) 961-8622
E-mail: melody.parker@hawaiicounty.gov

Attorneys for Defendants-Appellees COUNTY OF
HAWAIʻI, WILLIAM P. KENOI, HILO COUNTY
POLICE DEPARTMENT, and HARRY S. KUBOJIRI

**DEFENDANTS-APPELLEES COUNTY OF HAWAIʻI, WILLIAM P. KENOI, HILO COUNTY POLICE DEPARTMENT, AND HARRY S. KUBOJIRI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR JUDICIAL NOTICE [80], FILED MARCH 30, 2016**

Defendants-Appellees COUNTY OF HAWAIʻI, as a sub-agency of the State of Hawaiʻi, WILLIAM P. KENOI, in his capacity as Mayor of the County of Hawaiʻi, HILO COUNTY POLICE DEPARTMENT, as a sub-agency of the County of Hawaiʻi, and HARRY S. KUBOJIRI, in his capacity as Chief of Police (collectively, "County Defendants"), by and through their attorneys, respectfully submit this Memorandum in Opposition to Plaintiff-Appellant GEORGE K. YOUNG, JR.'s ("Appellant") Motion for Judicial Notice [80], filed March 20, 2016. Appellant's request must fail, as the documents offered are not the type of documents that qualify for judicial notice under Rule 201 of the Federal Rules of Evidence ("Fed.R.Evid.") and Rule 10(e) of the Federal Rules of Appellate Procedure, as they constitute new evidence after the record for this case has been established.

In addition, Appellant seeks to have this Court not only notice the documents, but assume them to be true and in support of his arguments and position on appeal. Therefore, this Court should deny Appellant's Motion.

I. RULE 201 OF THE FEDERAL RULES OF EVIDENCE

Rule 201, Judicial Notice of Adjudicative Facts, states:

**(a) Scope.** This rule governs judicial notice of an *adjudicative fact only*, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known *within the trial court's territorial jurisdiction*; or

**(2)** can be accurately and readily determined from sources whose accuracy *cannot reasonably be questioned*.

**(c) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial noticed before notifying a party, the party, on request, is still entitled to be heard.

**(f) Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

(Emphasis in italics is added.) (Amended by order adopted April 26, 2011, effective December 1, 2011.)

It is entirely proper for a court to take judicial notice if all of the criteria in Fed.R.Evid. Rule 201 are met. The fact must not be legislative in nature. Further,

the document must contain information that is "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts have determined that "[a] matter is not properly subject to judicial notice by the court if it involves a central and disputed issue. *U.S. v. Baker,* 641 F.2d 1311 (9th Cir.1981). However, a court may properly take notice of public facts and public documents. *Greeson v. Imperial Irr. Dist.,* 59 F.2d 529, 531 (9th Cir.1932). Public records, such as census data, are an appropriate subject matter for judicial notice. *United States v. Esquivel,* 75 F.3d 545, 549 (9th Cir.1996). *But see, Carley v. Wheeled Coach,* 991 F.2d 1117, 1126 (3rd Cir.1993) (refusing to take notice of government's testing of vehicle rollovers as not "readily provable through a source whose accuracy cannot be reasonably questioned") and *Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 517 (11th Cir.1991) (refusing to take judicial notice of newspaper publication as source that establishes facts as indisputable). *Cactus Corner, LLC v. U.S. Dept. of Agriculture,* 346 F.Supp.2d 1075 at 1098 (E.D.Cal. 2004).

Here, there is no question that the letter from the Hawaiʻi County Police Department given to this Court by Appellant for judicial notice would bear on central issues that are disputed in the case. It is also clear that the information in the letter cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The letter states on its face that no

3

records exist prior to 2000 to establish one way or the other whether handgun concealed carry permits were issued by the police department. Yet, the writer speculates that no permits to carry were issued. Such information either cannot be verified and/or would be subject to reasonable question based on other records found elsewhere in the state or county. As a result, there is no basis for concluding the State of Hawaiʻi or the County of Hawaiʻi has a complete ban on any type of permit to carry a concealed weapon simply because the Appellant points to County actions for a one-year, or even a few years, as reflected in the documents. Therefore, it is not dispositive of any material fact.

Furthermore, even if Hawaiʻi County has not issued a permit to carry a concealed weapon, this fact is being exploited by Appellant to bolster the legal conclusions presented in his brief. There are ample reasons why a permit was, or may not be, issued. A lack of issued permits could simply reflect the fact that there were no applicants. It is also equally possible that any or all applicants may have simply failed to establish an "exceptional" "reason to fear injury," as required under Hawaiʻi Revised Statutes § 134-9, or applicants may have simply withdrawn their application. Another possibility is that perhaps all the applicants in any given year could not prove they passed a safety course, or only offered a generalized self-defense desire rather than a particularized self-defense need. An applicant may be unable to demonstrate a particularly compelling (self-defense reason) for the

permit. In any event, it is not a fact that can be judicially noticed from the documents Appellant presented.

"To the extent their contents are in dispute, such matters of controversy are not appropriate subjects for judicial notice." *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D.Cal.2003). *Id* at 1100. It is clear that whoever signed for Chief Kubojiri responded to an original e-mail which Appellant has chosen not to include. The individual may have considered only requests for concealed carry permits for a handgun that were denied because they did not meet the criteria of the controlling law, Hawaiʻi Revised Statutes § 134-9.[1]

---

[1] **§134-9 Licenses to carry.** (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty-one years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. The chief of police of the appropriate county, or the chief's designated representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases where the applicant is not a citizen of the United States, before any determination to grant a license is made. Unless renewed, the license shall expire one year from the date of issue.

5

The individual may have relied on withdrawn permit applications. The individual may not have even looked for records and relied upon memory.

In like manner, the opinion contained in the letter which alleges the Attorney General's Report is accurate is nothing more than opinion. It is not the type of information allowable for judicial notice pursuant to Fed.R.Evid. 201. Common sense tells us that an opinion is a statement that is incapable of meeting the reliability and commonality standard set forth by Fed.R.Evid. 201. As a result, this Court should deny judicial notice of the letter from the Hawai'i Police Department.

The Attorney General's Report should also be excluded by this Court, as a request for judicial notice must be relevant to the case. The Attorney General's Report contains statistics which incorporate all general categories of permits issued or denied for all types of guns. The report has little relevance, if any, to the facts before this Court. The report only has a small section concerning concealed carry

---

    (b) The chief of police of each county shall adopt procedures to require that any person granted a license to carry a concealed weapon on the person shall:
        (1) Be qualified to use the firearm in a safe manner;
        (2) Appear to be a suitable person to be so licensed;
        (3) Not be prohibited under section 134-7 from the ownership or possession of a firearm; and
        (4) Not have been adjudged insane or not appear to be mentally deranged.
    (c) No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with sections 134-5(c) or 134-25.
    (d) A fee of $10 shall be charged for each license and shall be deposited in the treasury of the county in which the license is granted.

license applications.[2]  However, that section does not contain any information about Hawaiʻi County and should not be extended by argument to assume a complete ban of handgun concealed carry permits exists in Hawaiʻi County or elsewhere in the State.

Furthermore, judicial notice is limited to adjudicative facts.  "Adjudicative facts are simply the facts of the particular case.  Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.*

"Although the Rules of Evidence do not expressly require a fact to be relevant for it to be judicially noticed, an irrelevant fact is one not of consequence in determining the action, *see* Fed.R.Evid. 401(b), and therefore cannot be classified as an adjudicative fact." *Blye v. California Supreme Court*, 2014 WL 295022 (2014).  As discussed above, general facts about all gun permits issued in Hawaiʻi are not relevant.  Appellant's case alleges deprivation of constitutional

---

[2] Quoting from Appellant's Motion at p. 9:

> **Licenses to Carry Firearms**
> Hawaiʻi's county police departments also process license applications for the open and/or concealed carry of firearms in public.  Statewide in 2014, 218 employees of private security firms were issued carry licenses, and two (0.9%) were denied.  Nineteen private citizens applied for a concealed carry license in the City & County of Honolulu, and two applied in Kauai County; all 21 applicants were denied at the discretion of the respective chief of police.

7

rights. The situation places this Court in a position where it must consider the legislative intent of Hawaiʻi law as well as the facts of the case. As such, judicial notice does not appear appropriate. Clearly, Appellant is seeking judicial notice to support his argument and desired outcome of this case. In Appellant's argumentative memoranda asking this Court to take judicial notice, he is actually attempting to use the documents to boot-strap evidence in support of the legal principles of his case, i.e.: "Hawaiʻi's gun regulation statute to carry concealed weapons is unconstitutional." Such a motive is clearly impermissible.

## II. THE RECORD ON APPEAL

Appellant is attempting to impermissibly modify the record on appeal. Rule 10(e) of the Federal Rules of Appellate Procedure states:

> (e) CORRECTION OR MODIFICATION OF THE RECORD.
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>> (A) on stipulation of the parties;
>>
>> (B) by the district court before or after the record has been forwarded; or
>>
>> (C) by the court of appeals.

> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

There has been no stipulation by the parties to correct any error, omission, or misstatement. The case has long left the district court and now sits before this Court of Appeals. The request for judicial notice is nothing more than further argument by Appellant with the hope of sliding in irrelevant and argumentative facts to supplement the record. The County Defendants object to Appellant's request for judicial notice and respectfully ask this Court to deny same.

Dated: Hilo, Hawaiʻi, April 8, 2016.

                                        COUNTY OF HAWAIʻI, WILLIAM P.
                                        KENOI, HILO COUNTY POLICE
                                        DEPARTMENT, and HARRY S.
                                        KUBOJIRI, Defendants-Appellees

                                        By /s/ Melody Parker
                                            MELODY PARKER
                                            Deputy Corporation Counsel
                                            Their Attorney

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG, JR., <br><br> Plaintiff-Appellant, <br><br> vs. <br><br> STATE OF HAWAIʻI, et al., <br><br> Defendants-Appellees. | NO. 12-17808 <br><br> D.C. NO. 1:12-cv-00336-HG-BMK <br> U.S. District Court of Hawaiʻi, Honolulu <br><br> **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 8, 2016.

I hereby certify that the foregoing was served upon the following parties by using the appellate CM/ECF system on April 8, 2016:

> ALAN BECK
> 2692 Harcourt Drive
> San Diego, California 92123
> Email: alan.alexander.beck@gmail.com
>     Attorney for Plaintiff-Appellant
>
> STEPHEN D. STAMBOULIEH
> Stamboulieh Law, PLLC
> P.O. Box 4008
> Madison, Mississippi 39130
> Email: stephen@sdslaw.us
>     Attorney for Plaintiff-Appellant

JOHN M. CREGOR, JR.
Department of the Attorney General
State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Email: john.m.cregor@hawaii.gov
   Attorney for Defendants STATE OF HAWAI'I, NEIL
   ABERCROMBIE, and DAVID M. LOUIE

Dated: Hilo, Hawai'i, April 8, 2016.

                              COUNTY OF HAWAI'I, WILLIAM P.
                              KENOI, HILO COUNTY POLICE
                              DEPARTMENT, and HARRY S.
                              KUBOJIRI, Defendants-Appellees


                              By /s/ Melody Parker
                                 MELODY PARKER
                                 Deputy Corporation Counsel
                                 Their Attorney