ALAN BECK (HI Bar No. 9145)
Attorney at Law
2692 Harcourt Drive
San Diego, California 92123
Telephone: (619) 905-9105
Email: alan.alexander.beck@gmail.com

STEPHEN D. STAMBOULIEH
STAMBOULIEH LAW, PLLC
P.O. Box 4008
Madison, MS 39130
Telephone: (601) 852-3440
Email: stephen@sdslaw.us

# UNITED STATE COURT OF APPEALS
# NINTH CIRCUIT

| | |
|---|---|
| GEORGE K. YOUNG JR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STATE OF HAWAII ET. Al. ) <br> ) <br> Defendants. ) <br> ) | No. 12-17808 <br><br> CASE No. 1200336 HG BMK <br><br> MOTION FOR JUDICIAL NOTICE |

### REPLY TO DEFENDANTS-APPELLEES COUNTY OF HAWAII, WILLIAM P. KENOI, HILO COUNTY POLICE DEPARTMENT, AND HARRY S. KUBOJIRI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR JUDICIAL NOTICE

#### Introduction

County Defendants misrepresent what Mr. Young would like this Court to judicially notice. Mr. Young requests that this Court take judicial notice of the fact that there are zero handgun carry permits issued in County of Hawaii and that County of

Hawaii maintains a complete ban on handgun carry via its application of H.R.S. 134-9. The documents attached to the initial motion are there solely to support these facts. Rule 201 of the F.R.C.P. allows this Court to take judicial notice of adjudicative facts which are not reasonably open to dispute at any point in a proceeding. As demonstrated below, Defendants response lacks merit and the facts Mr. Young wishes this Court to take notice of fulfill the requirements for judicial notice.

### Mr. Young's Motion Deals with an Adjudicative Fact

Legislative facts are "broad, general facts that are not unique and relate indirectly to the parties to litigation"[1]. Adjudicative facts are "basic, core facts that must be proven by a party"[2]. Mr. Young's motion deals with an adjudicative fact as applied to his case. Mr. Young's case challenges the constitutionality of County of Hawaii's handgun carry policy. While it is not necessary for Mr. Young to show that there are zero handgun permits issued to establish County of Hawaii's policy is unconstitutional, doing so improves his ability to demonstrate that. Thus, the facts Mr. Young wishes this Court to take notice of are adjudicative facts. As shown below they are also facts that are not subject to reasonable dispute.

### The Facts at Issue Are Not Subject to Reasonable Dispute

The fact that permits are not issued is a fact that can be easily verified. Mr. Young has provided three separate documents over the course of this appeal which

---

[1] http://www.duhaime.org/LegalDictionary/L/LegislativeFact.aspx (last visited April 8th 2016)
[2] http://www.duhaime.org/LegalDictionary/A/AdjudicativeFact.aspx (last visited April 8th 2016)

demonstrate County of Hawaii does not issue handgun carry permits. The first was "GAO -12 -717, Gun Control: States' Laws and Requirements for Concealed Carry Permits Vary Across the Nation." Page 75 of this GAO study shows that Hawaii unlike every other state has zero permits issued. *See* Docket No. 76-2.

In addition to that study, Mr. Young filed the most recent report from the Attorneys General Office for the State of Hawaii. Therein the Attorney General reports that there are zero permits issued in the State of Hawaii. Finally, Mr. Young submitted a letter recently received from the County of Hawaii where it admits there are no permits issued and that it never has issued a handgun carry permit. When all three relevant parts of government agree, there can be no reasonable dispute that zero permits are issued. This Court should accept that there are no permits in Hawaii and that the lack of permits demonstrates that Hawaii maintains a complete ban on handgun carry.

## This Motion Does Not Alter the Record

Furthermore, Defendants err when they attempt to paint this motion as an attempt to alter the record before this Court. There is effectively no record because Mr. Young was dismissed prior to being able to conduct discovery which would have proven the facts Mr. Young wishes this Court to judicially notice. Moreover, that this matter is on appeal is not relevant because the rules allow for judicial notice to be taken at any time in a proceeding. At the very least this Court should assume for sake of ruling on Mr. Young's 12(b)(6) appeal that the County of Hawaii maintains a complete ban on handgun carry and allow him to prove that fact at trial.

## Conclusion

The issue Mr. Young wishes this Court to take judicial notice of fulfills all criteria for judicial notice under the federal rules. Defendants' response has no merit. Mr. Young once again respectfully requests that this Court take judicial notice that the County of Hawaii has no issued permits and that County of Hawaii maintains a complete ban on handgun carry via its application of H.R.S. 134-9.

s/ Alan Beck
Alan Beck (HI Bar No. 9145)
s/ Stephen D. Stamboulieh
Stephen D. Stamboulieh

## CERTIFICATE OF SERVICE

On this, the 10th day of April, 2016, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 10th day of April, 2016


s/ Stephen D. Stamboulieh